IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHILLIP BARNETT, #019760, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 3:11-CV-0399-L  (BK) |
| § | | |
| DR. GRADY SHAW, et al., § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for screening. For the reasons set out below, it is recommended that the complaint be dismissed with prejudice as frivolous.

**I.  BACKGROUND**

Plaintiff, a pre-trial detainee at the Navarro County Justice Center, in Corsicana, Texas, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against Dr. Grady Shaw, Sheriff Leslie Cotton, Nurses Joy and Margie, and Officers Phillipson, Sweeny, and Hightower. (Doc. 1 at 1, 3, 8.) The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. Thereafter, to obtain information about the factual basis of the complaint, the Court issued a questionnaire, which Plaintiff answered. (Doc. 10). After his transfer to Athens, Texas, Plaintiff filed a motion to appoint counsel and to amend the complaint to raise two new claims. (Doc. 15-17.) Plaintiff is currently confined at the Lamar County Jail in Purvis, Mississippi. (Doc. 18.)[1]

---

[1] Plaintiff initially filed this action in the U.S. District Court for the Northern District of Texas, Fort Worth Division, which in turn transferred it to this Court. After the filing of the questionnaire, Plaintiff advised the Court that he intended to file two separate cases, the first one

The complaint and answers to the questionnaire present multiple claims stemming from the conditions of confinement at the Navarro County Jail. (Doc. 1 at 4.) The complaint requests monetary damages for pain and suffering as a result of the "unhealthy living conditions." (*Id.* at 4.)[2]

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory . . . ." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se*

---

against Dr. Shaw, and the second one against the various Navarro County employees. (Doc. 9 at 1.) Since the events occurred at the same time, it appears that joinder of claims and parties is appropriate under Rules 18(a) and 20(a), Federal Rules of Civil Procedure. Insofar as Plaintiff requests the address of the Drug Enforcement Administration (Doc. 9 at 1-2), his request is denied.
  In addition, because Plaintiff asserted individual claims against several detention officers at the Navarro County Jail, the Court disregards his attempt to sue unidentified "Officers of [the] Navarro County Jail" as reflected in the caption of the complaint. (Doc. 1 at 1, 3, 7-8.)

  [2] Although the complaint also seeks injunctive relief, Plaintiff's recent transfer to the Lamar County Jail renders that claim moot. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (even assuming constitutional violation, plaintiff's transfer rendered moot his claim for declaratory and injunctive relief) (citing *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991)). Any suggestion of relief based on the possibility of a transfer back to the Navarro County Jail is too speculative to warrant relief. *See Herman*, 238 F.3d at 665 (citing *Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir. 1987)). In addition, Plaintiff's request that Officer Phillipson be fired is not cognizable in this civil rights action.

litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under this most liberal construction, the complaint lacks an arguable basis in law and should be dismissed as frivolous.

### A. Sheriff Cotton

Plaintiff sues Sheriff Cotton because he is in charge of the Navarro County Jail and, as such, he was responsible for the operation of the jail and the jail personnel under his supervision. (Doc. 10, Answer 8-10.) A supervisory government employee is only liable for his or her own misconduct, *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S. Ct. 1937, 1948-49 (2009), and the doctrine of *respondeat superior* does not provide a basis of liability in a section 1983 action. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978) (supervisory officials cannot be held vicariously liable for their subordinates' actions under section 1983). Supervisory officials may be held liable only if they (1) affirmatively participate in acts that cause constitutional deprivation, or (2) implement unconstitutional policies that causally result in plaintiff's injury. *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).

Here, Plaintiff does not allege facts that indicate Sheriff Cotton's personal involvement or acquiescence in the alleged constitutional deprivations. (Doc. 10, Answer 8-10.) Nor does Plaintiff allege that the Sheriff implemented any unconstitutional policy causing any constitutional deprivation. *Id.* Because Plaintiff impermissibly bases his assertions on vicarious liability or *respondeat superior*, his claims against Cotton are without merit.

### B. Conditions of Confinement

Pretrial detainees may bring constitutional challenges "under two alternative theories: as

an attack on a 'condition of confinement' or as an 'episodic act or omission.'" *Shepherd v. Dallas County*, 591 F.3d 445, 452 (5th Cir. 2009) (quoting *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 644-45 (5th Cir. 1996) (*en banc*)). In a condition of confinement case, a detainee must establish that the condition amounted to punishment and was not incident to some other legitimate governmental purpose. *Shepherd*, 591 F.3d at 452 (citing *Bell v. Wolfish,* 441 U.S. 520, 535, 538 (1979)). In an episodic act case, a detainee must establish that the defendants acted with subjective deliberate indifference. *Id.*

Here, Plaintiff complains generally of the denial of clean cups and spoons, inadequate cleaning and writing supplies, insufficient recreation activities, excessive amount of black mold in the showers and sinks, insufficient amounts of soap, lack of shower shoes, outdated and cold, moldy food, presence of hair and lint in food trays, interference with visitation, and denial of a mat and a blanket for three days after initial booking. (Doc. 1 at 6-7.) In support of his first claim, Plaintiff alleges that prison officials will not hand out new cups and spoons with each meal, and that he has to re-use the same "throw away cup [and spoon] over and over." (*Id*. at 6.) As a result of the conditions of confinement, Plaintiff allegedly suffered from chest pains, headaches, sore throat, and an infection in his throat and lungs. (Doc. 10, Answer 18.)

Even assuming Plaintiff seeks to allege a condition of confinement case, none of the complained of conditions is more than a *de minimis* violation. *See Duvall v. Dallas County*, 631 F.3d 203, 208 (5th Cir. 2011).

> The *de minimis* exception provides a significant threshold to liability:
>
> [I]solated examples of illness, injury, or even death, standing alone, cannot prove that conditions of confinement are constitutionally inadequate. Nor can the incidence of diseases or infection, standing alone, imply unconstitutional

> confinement conditions, since any densely populated residence may be subject to outbreaks .... Rather, a detainee challenging jail conditions must demonstrate a pervasive pattern of serious deficiencies in providing for his basic human needs.

*Id.* (quoting *Shepherd*, 591 F.3d at 454).

Plaintiff has not alleged a persistent failure to provide for his basic human needs or conditions amounting to punishment. Having failed to allege more than *de minimis* incidents, his allegations are insufficient to raise a claim for constitutional violation. Therefore, his condition of confinement claims lack an arguable basis in law and should be dismissed as frivolous. *See Sneed v. Cotton*, No. 3:11-CV-0523-M (BK), 2011 WL 1808030 (N.D. Tex.), *recommendation accepted*, 2011 WL 1827463 (N.D. Tex. May 10, 2011) (dismissing as frivolous similar conditions of confinement claims at the Navarro County Justice Center).

### C. Inadequate Law Library

Next Plaintiff alleges he was denied access to an adequate law library. (Doc. 1 at 4.) He states the jail law library contains only outdated books and that he has "the right to research the law" to make sure his appointed attorney is advising him correctly in connection with the criminal charges that were pending against him. (Doc. 10, Answer 19.) The above claims lack an arguable basis in law. When a criminal defendant is represented by counsel, as Plaintiff concedes in answer to the questionnaire (Doc. 10, Answer 19), he has no constitutional right of access to a law library in connection with his criminal proceedings. *See Dickinson v. Fort Bend County*, 325 Fed. Appx. 389, 390 (5th Cir. 2009) (unpublished *per curiam*) (inmate who was represented by court-appointed counsel had no constitutional right of access to law library in preparing his defense).

Nor can Plaintiff raise a claim of denial of access to the court. While prisoners have a

fundamental constitutional right to adequate, effective, and meaningful access to the courts, *see Bounds v. Smith*, 430 U.S. 817, 822-3(1977), the right is limited to "encompass[] only 'a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.'" *Johnson v. Rodriguez*, 110 F.3d 299, 310-11 (5th Cir. 1997) (quoting *Lewis v. Casey*, 518 U.S. 343, 355 (1996)). Plaintiff does not allege that he was unable to challenge a prior conviction or the conditions of his confinement. (Doc. 10, Answer 19.) Nor does he allege that his position as a litigant was prejudiced in any way during his pre-trial detention. *See Lewis*, 518 U.S. at 351 (to prevail, an inmate must demonstrate that he suffered an "actual injury" -- i.e. that the denial of access "hindered his efforts to pursue a legal claim").

Accordingly, Plaintiff's claims of denial of access to the law library lack an arguable basis in law and should be dismissed with prejudice as frivolous.

D. Officer Phillipson

Plaintiff's assertion that Officer Phillipson verbally abused and assaulted him (Doc. 10, Answer 15) fails to raise a federal constitutional claim. Mere verbal abuse or harassment by a prison guard does not amount to a constitutional violation. *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993)). Therefore, Plaintiff's claim against Officer Phillipson lacks an arguable basis in law and should be dismissed as frivolous.

E. Officers Sweeny and Hightower

Plaintiff alleges Officers Sweeny and Hightower favored black inmates and discriminated against Plaintiff, a white inmate. Specifically, he contends that on January 6, 2011, Officer Sweeny refused to bring him a bar of soap, although she later brought one to the cell of a black

inmate. (Doc. 1 at 8; Doc. 10, Answer 16-17.) Likewise, he contends that in January 2011, Officer Hightower twice picked up extra blankets and mats from Plaintiff and other inmates, but not from black inmates. (*Id.*)

Plaintiff's pleadings, even when liberally construed in light of his *pro se* status, fail to allege a sufficient discriminatory purpose – namely that Officers Sweeny and Hightower were motivated by intentional discrimination on the basis of race. *See Priester v. Lowndes County,* 354 F.3d 414, 424 (5th Cir. 2004) (to state claim of racial discrimination under the Equal Protection Clause, plaintiff must allege that he was treated differently than other similarly situated individuals and that unequal treatment stemmed from discriminatory purpose). Apart from his general allegations of discrimination, Plaintiff does not asserts facts showing the officers' discriminatory state of mind – i.e., that they singled Plaintiff out based on his membership in a particular group, not just on an individual basis. *See Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1952 (2009) (where complaint failed to "contain any factual allegation sufficient to plausibly suggest [defendants'] discriminatory state of mind"); *Personnel Admin. of Massachusetts v. Feeney,* 442 U.S. 256, 279 (1979) (discriminatory purpose implies "a particular course of action [chosen] at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group"). Plaintiff has presented only vague and conclusory allegations, based solely on his personal, subjective belief that he was treated differently than other similarly situated males. *See Pedraza v. Meyer,* 919 F.2d 317, 318 n. 1 (5th Cir. 1990) (vague and conclusory allegations that equal protection rights have been violated are insufficient to raise an equal protection claim). Therefore, Plaintiff's discrimination claims lack an arguable basis in law and should be dismissed as frivolous.

F. <u>Medical Care Claims</u>

Plaintiff's medical care claims fare no better. To state a constitutional violation for the denial of medical care, an inmate must allege acts or omissions "sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).[3] The burden of demonstrating deliberate indifference to a serious medical need by correctional officials and healthcare providers is "an extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (2001). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious bodily harm and he disregards that risk by failing to take reasonable measures to abate it." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)).

> [A]n incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir.1985). Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* Furthermore, the decision whether to provide additional treatment "is a classic example of a matter for medical judgment." *Estelle,* 429 U.S. at 107. And, the "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. *Farmer,* 511 U.S. at 838.

*Domino*, 239 F.3d at 756.

Even when liberally construed, Plaintiff's pleadings fail to allege deliberate indifference, but assert, at most, a disagreement of opinion with the type of treatment that he received. *See Gobert*, 463 F.3d at 346 (absent exceptional circumstances, a prisoner's disagreement with his

---

[3] Although Plaintiff was a pretrial detainee during some the events in question, the Court analyzes his medical care claim as an episodic act case, which requires him to establish that the defendants acted with subjective deliberate indifference. *See Shepherd v. Dallas County*, 591 F.3d 445, 452 (5th Cir. 2009).

medical treatment is not actionable under section 1983). Plaintiff states Dr. Shaw refused to approve all medications that he was taking before his incarceration for his bad back (for which he hopes to undergo surgery after his release from custody). (Doc. 1 at 3; Doc. 10, Answer 4-5.) According to Plaintiff, the pain medications and muscle relaxers that he received at the Navarro County Jail were not strong enough, which in turn caused him to be in pain all the time and resulted in several falls due to a pinched nerve in his back. (Doc. 10, Answer 4.) However, Plaintiff concedes receiving continuous treatment from Dr. Shaw during his incarceration, including three different medications for his back pain. (*Id.*) Dr. Shaw, who visited Plaintiff weekly, also treated him for various upper-respiratory infections and other maladies during his confinement at the Navarro County Jail. (*Id.*)

Prisoners are not entitled to unqualified access to health care, to-wit, the "best [medical care] that money could buy." *Mayweather v. Foti*, 958 F.2d 91, 91(5th Cir. 1992); *see also Woodall v. Foti*, 648 F.2d 268, 272 (5th Cir.1981) (the test in balancing the needs of prisoner versus the needs of detention center "is one of medical necessity and not one simply of desirability"). Plaintiff received adequate, continuous treatment for his back pain and various infections. Dr. Gray's decision not to prescribe hydrocodone for back pain (Doc. 10, Answer 6) is a question of medical judgment, which does not amount to deliberate indifference. *Estelle*, 429 U.S. at 107. Because Plaintiff alleges nothing more than a disagreement of opinion as to the correct medical treatment, his allegations do not constitute an actionable civil rights claim but, at most, a possible claim of medical malpractice appropriately addressed under state law. *Id.* at 107-108.

Accordingly, Plaintiff's claims against Dr. Shaw lack an arguable basis in law and should

be dismissed as frivolous.

G.  Nurses Joy and Margie

Plaintiff asserts Nurses Joy and/or Margie failed to handout his noon medications on January 27, 2011. (Doc. 10, Answer 11-14.) This claim amounts to negligence at the most. Because negligence is not actionable under section 1983, Plaintiff's claim against either nurse lacks an arguable basis in law and should be dismissed as frivolous. *Daniels v. Williams*, 474 U.S. 327, 332-33 (1986) (negligence is not cognizable under section 1983); *Estelle,* 429 U.S. at 106 (negligent medical care or medical malpractice does not rise to a constitutional violation).

H.  Motion to Amend

In his motion to amend filed on April 22, 2011, Plaintiff seeks to add two new claims. He alleges that on March 16, 2011, Dr. Shaw refused to visit him because he ran out of time, and that on March 17, 2011, all inmates at the Navarro County Jail experienced a five-hour delay in receiving their afternoon medications. (Doc. 17.) Although leave to amend is to be freely given when justice so requires, denial of a motion for leave to amend is appropriate when the proposed amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (specifying futility of amendment as an adequate justification to refuse to grant leave to amend). The decision whether to grant a motion to amend is generally left to the sound discretion of the district court. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).

Plaintiff's new claims – that Dr. Shaw did not have time to visit him, and that he experienced a five-hour delay in receiving his afternoon medications – amount to negligence at the most and, as such, are not cognizable under section 1983. *See Daniels,* 474 U.S. at 332-33; *Estelle,* 429 U.S. at 106. Accordingly, the District Court should deny Plaintiff's motion for leave

to amend as futile.

I.  Motion to Appoint Counsel

The District Court should also deny Plaintiff's motion to appoint counsel. For the reasons set out above, this case presents no exceptional circumstances warranting the appointment of counsel. *See Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994) (citing *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)) (civil rights plaintiff is not entitled to court appointed counsel as matter of law, and court may appoint counsel for *in forma pauperis* plaintiff only if the case presents exceptional circumstances).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DISMISS** the complaint with prejudice as frivolous, *see* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1), and **DENY** Plaintiff's motions to appoint counsel and to amend (Doc. 16-17). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[4]

---

[4] Section1915(g), which is commonly known as the "three-strikes" provision, provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Clerk of the Court is **directed** to terminate the case referral.

SIGNED May 18, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE